IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **WILLIAM L. MITCHELL, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:14-cv-847-O** |
| | § | |
| **DEPARTMENT OF THE AIR FORCE** | § | |
| **and DEPARTMENT OF VETERANS** | § | |
| **AFFAIRS,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Plaintiff's amended Motion to Amend Pleading (ECF No. 29), filed September 14, 2015; Defendants' Opposition (ECF No. 30), filed September 3, 2015; Plaintiff's Initial Response to Defendants' Opposition (ECF No. 32), filed September 4, 2015; and Plaintiff's Final Response to Defendants' Opposition (ECF No. 34), filed September 8, 2015.[1] Having considered the motion, related briefing, and applicable law, the Court concludes that the motion should be and is hereby **GRANTED in part** and **DENIED in part**.

## I.    BACKGROUND

Plaintiff William L. Mitchell, Jr. ("Plaintiff"), a retired military veteran appearing *pro se*, filed this action on October 17, 2014. *See* Compl., ECF No. 1. Plaintiff voluntarily dismissed his Complaint on November, 18, 2014, and he was granted leave to re-file on April 21, 2015. *See* Notice Voluntary Dismissal, ECF No. 10; Order, Apr. 21, 2015, ECF No. 12. Plaintiff's second-filed Complaint was dismissed on August 4, 2015. *See* Order, Aug. 4, 2015, ECF No. 26. In the Order,

---

[1] In light of Plaintiff's *pro se* status, the two timely replies will be considered as one. *See United States v. Feldman*, 879 F. Supp. 2d 231, 234 (N.D.N.Y. 2012).

the Court concluded that, because all of Plaintiff's claims were alleged under 10 U.S.C. § 1034, which did not provide a private right of action, the Court lacked subject-matter jurisdiction. *Id.*

Plaintiff now moves for leave to amend his Complaint. *See* Pl.'s Mot Amend, ECF No. 29. The motion has been fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARDS

### A.   Motion for Leave to Amend

After the time for amending as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Federal Rule of Civil Procedure 15(a)(2), "'leave to amend shall be freely given when justice so requires,' and should be granted absent some justification for refusal." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). The decision to grant leave to amend is left to the discretion of the district court. *Id.* at 387. "Leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Factors relevant to this determination include: (1) undue delay in filing the motion for leave; (2) whether the movant acted in bad faith or with a dilatory motive; (3) failure to cure deficiencies by previous amendments; (4) the possibility of undue prejudice to adverse parties; and (5) whether the amendment is futile. *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports*, 751 F.3d at 378.

### B.   Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8

does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court

may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff's pleadings must be liberally construed, and ambiguity must be viewed in the *pro se* plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A district court commits error "in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, this error is removed if the plaintiff has alleged his "best case." *Id*. A court can consider a plaintiff to have asserted his best case when the plaintiff has had "fair opportunity to make out [his] case." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

### C.    Sovereign Immunity

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

## III.    ANALYSIS

Plaintiff moves to amend his pleading to include Racial Discrimination and Retaliation in violation of Title VII and 42 U.S.C. § 2000e. Pl.'s Mot. Amend 1-2, ECF No. 29. Plaintiff also argues that he has suffered a denial of due process, assault, libel, slander, and defamation. *Id.* at 2. In the

proposed amended complaint, Plaintiff alleges that he suffered racial discrimination and retaliation as well as age discrimination and harassment. He cites (1) Title VII, 42 U.S.C. § 2000e; (2) AFI 90-301 and 10 U.S.C. § 1034; and (3) 38 C.F.R. § 21. In the initial and final response, Plaintiff adds allegations of violations of the Thirteenth and Fourteenth Amendments of the United States Constitution. *See* Final Resp. 10, ECF No. 34.

Defendants argue that Plaintiff should be denied leave to amend on the basis of futility. Defs.' Opp'n, ECF No. 30. Accordingly, the Court analyzes Plaintiff's proposed amended complaint in order to determine whether it would survive a motion to dismiss. *See Marucci Sports*, 751 F.3d at 378. As Plaintiff is *pro se*, his allegations will be liberally construed. *See Erickson*, 551 U.S. at 94. If Plaintiff has presented his best case, leave to amend may be denied. *See Bazrowx*, 136 F.3d at 1054.

Defendants argue that (A) Title VII does not waive sovereign immunity for Plaintiff's proposed discrimination and retaliation claims; (B) neither 10 U.S.C. § 1034 nor its regulatory implementation, AFI 90-301, waive sovereign immunity for Plaintiff's proposed retaliation claims against the Air Force; (C) the Court lacks jurisdiction over Plaintiff's proposed retaliation claim under the regulations governing the Department of Veterans Affairs' ("DVA") Vocational Rehabilitation and Education Programs (38 C.F.R. § 21); (D) the Court lacks jurisdiction over Plaintiff's proposed tort claims; (E) any Title VII or MPWA Claim against the Air Force is time-barred. Defs.' Opp'n, ECF No. 30.

Throughout Plaintiff's briefing, Plaintiff relies on *CBOCS West, Inc. v. Humphries* for the proposition that retaliation for reporting claims of racial discrimination constitutes a valid cause of action. 553 U.S. 442, 446 (2008). In that case, the Supreme Court held that 42 U.S.C. § 1981 encompasses retaliation claims. *Id.*

The Court turns first to Defendants' arguments.

A.      **Title VII Claims Barred Due to Sovereign Immunity**

Defendants argue that Title VII does not waive sovereign immunity for Plaintiff's proposed

discrimination and retaliation claims because his alleged injuries against the Air Force occurred while

he was a member of the armed forces. Defendants rely upon *Brown v. United States*, 227 F.3d 295,

298 (5th Cir. 2000), which holds: "Although 42 U.S.C. § 2000e–16(a) constitutes a waiver of the

Government's immunity from suit, this waiver has been understood to apply only to suits by civilian

employees of the military departments, and not members of the armed forces." Likewise, the Age

Discrimination in Employment Act ("ADEA") has been held inapplicable to military members.

*Kawitt v. United States*, 842 F.2d 951, 953-54 (7th Cir. 1988). Additionally, Defendants argue that

Plaintiff's Title VII claims against the DVA fail because Title VII only applies to employer-employee

relationships and he does not allege an employer-employee relationship with the DVA. *See Walls*

*v. Miss. State Dep't Public Welfare*, 730 F.2d 306, 323 (5th Cir. 1984) ("The United States has

waived its sovereign immunity under Title VII only where there is a direct employer-employee

relationship or where an application for employment with a federal agency is involved.").

Plaintiff concedes that sovereign immunity may not be waived, arguing that his claims

nevertheless should be heard based upon the underlying purpose of Title VII as well as the Thirteenth

and Fourteenth Amendments of the United States Constitution. Pl.'s Final Resp. 7, ECF No. 34.

Although Plaintiff correctly identifies Congress' goal of protecting individuals against acts

of racial discrimination, the Court cannot hear a suit against the government unless the government

has consented to be sued under those circumstances. *See FAA v. Cooper*, 132 S. Ct. 1441, 1448

(2012). "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . .,

and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the

suit." *Mitchell*, 445 U.S. at 538 (quoting *Sherwood*, 312 U.S. at 586). Because Plaintiff has not

identified a valid waiver of sovereign immunity, the Court concludes that allowing Plaintiff leave to amend to include Title VII claims would be futile. Therefore, leave to amend to include Title VII claims against the Air Force and the DVA is **DENIED** as futile based upon sovereign immunity.

### (B)    No Private Cause of Action Under 10 U.S.C. Section 1034 or AFI 90-301

The Court previously dismissed Plaintiff's claims under the Military Whistleblower Protection Act ("MWPA"), 10 U.S.C. § 1034, as Congress has not created a private right of action under this statute. *See* Order 2, Aug. 4, 2015, ECF No. 26. Accordingly, leave to amend on this basis is **DENIED** as futile.

### (C)    No Viable Claim Concerning Provision of Veteran's Benefits

Defendants argue that the Court lacks jurisdiction over Plaintiff's proposed retaliation claim under the regulations governing the DVA's Vocational Rehabilitation and Education Programs (38 C.F.R. § 21). Plaintiff responds that the DVA has been the primary vehicle of Retaliation since his retirement from the Air Force in 2005. Pl.'s Final Resp. 9, ECF No. 34. He again relies upon *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 446 (2008). *Id.*

"Since the enactment of the VJRA [Veterans' Judicial Review Act], federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case." *Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir. 1995). Where, as here, a complaint concerns the denial of benefits to an individual, the Court is without jurisdiction. *See id.* Accordingly, the Court concludes that Plaintiff's request to amend his Complaint to allege claims concerning the provision of employment related benefits is **DENIED** as futile.

### (D)    Plaintiff Does Not Assert Tort Claims

Plaintiff states that "[t]here is no claim of defamation of character, assault, libel, or slander at this time." Final Resp. 9, ECF No. 34. Accordingly, the Court turns to Defendants' final argument.

-7-

(E)     **Title VII and MWPA Claims Against the Air Force are Time Barred**

Defendants argue that Plaintiff's proposed Title VII and MWPA claims against the Air Force

are time-barred, as over six years old, because Plaintiff retired in 2005. Def.'s Opp'n 12, ECF No.

30. Plaintiff responds that violations by the DVA have continued up until the prior week. Pl.'s Final

Resp. 9, ECF No. 34. The Court previously concluded that leave to amend to include these claims

would be futile. In the alternative, the Court concludes that the claims against the Air Force are time-

barred. *See* 28 U.S.C. § 2401(a).

(F)     **Plaintiff's Thirteenth and Fourteenth Amendment Claims**

In Plaintiff's Responses, he asserts Thirteenth and Fourteenth Amendment discrimination

and retaliation claims. Defendants did not specifically address Thirteenth or Fourteenth Amendment

claims in their opposition to amend. Accordingly, Plaintiff is **GRANTED** leave to file an amended

complaint alleging these constitutional violations. *See Erickson*, 551 U.S. at 94.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend Pleading (ECF No. 29) is hereby

**GRANTED in part** and **DENIED in part**. Plaintiff is not granted leave to amend with respect to

the Title VII claims, MWPA claims, 38 C.F.R. § 21 claims, or tort claims. Plaintiff is granted leave

to amend with respect to the constitutional claims. Accordingly, Plaintiff may file an amended

complaint on or before **October 12, 2015**.

**SO ORDERED** this **28th day** of **September, 2015**.

_Reed O'Connor_
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**